

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2005

# Taylor v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Taylor v. Postmaster General" (2005). *2005 Decisions.* Paper 680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4066
_____

SARAH C. TAYLOR

v.

JOHN E. POTTER, Postmaster General;
U.S. POSTAL SERVICE

(D.C. No. 02-cv-01552)


SARAH C. TAYLOR

v.

JOHN E. POTTER, Postmaster General;
UNITED STATES POSTAL SERVICE

(D.C. No. 02-cv-01619)


SARAH C. TAYLOR

v.

JOHN E. POTTER, Postmaster General;
UNITED STATES POSTAL SERVICE;
ANTHONY J. PRINCIPI, Department of Veterans Affairs

(D.C. No. 02-cv-01620)


SARAH C. TAYLOR

v.

JOHN E. POTTER, Postmaster General;
UNITED STATES POSTAL SERVICE

(D.C. No. 03-cv-01105)


Sarah C. Taylor,
Appellant

_____

On Appeal From the United States District Court
for the District of Delaware
District Judge:  Honorable Kent A. Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
August 17, 2005

Before:  SLOVITER, BARRY AND FISHER,  Circuit Judges.

(Filed: August 18, 2005)


_____

OPINION

_____

PER CURIAM

    Appellant, Sarah C. Taylor, appeals from the District Court's order granting

appellee's motion for summary judgment.  For the reasons set forth below, we will affirm.

    In October 2002, Taylor filed a complaint in the U.S. District Court for the District

of Delaware against the Postmaster General, John E. Potter, alleging discrimination and

retaliation (No. 02-1552).  During the next month, she filed two additional complaints

against Potter, one asserting violations of the Family and Medical Leave Act ("FMLA")

2

(No. 02-1619) and the other raising claims under the Privacy Act of 1974 (No. 02-1620).[1]

In December 2003, she filed another complaint, which raised claims against Potter under

Title VII of the Civil Rights Act of 1964 (No. 03-1105). The District Court granted the

defendants' motion for judgment on the pleadings with respect to the Privacy Act

complaint. The remaining actions were consolidated. On August 19, 2004, the District

Court granted Potter's motion for summary judgment. Taylor appeals from that order.[2]

We first address the question of our jurisdiction. A notice of appeal in a civil case

in which the United States is a party is timely if it is filed within 60 days of the entry of

the judgment being appealed. Fed. R. App. P. 4(a). This 60-day time limit is "mandatory

and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978)

(citations omitted). The deadline for filing a notice of appeal in this matter was

October 18, 2004. Taylor mailed her notice of appeal to this Court, in error. Pursuant to

Rule 4(d), the notice of appeal was forwarded to the District Court, where it was filed on

October 19, 2004, one day beyond the time allowed to appeal. A letter dated October 18,

2004, that was sent to Taylor from the Office of the Clerk of this Court, however,

indicates that Taylor's notice of appeal was received in this Court by the filing deadline.

Accordingly, we have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1]The Privacy Act complaint also named Anthony J. Principi of the Department of Veteran Affairs as a defendant.

[2]Taylor is not appealing from the final order entered in her Privacy Act case. Her notice of appeal clearly would have been untimely with respect to that order.

We exercise plenary review over an order granting a motion for summary judgment. See Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." Coolspring, 10 F.3d at 146.

Taylor's racial discrimination claim is properly analyzed under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which requires, first, that the plaintiff set forth a prima facie case of discrimination. Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000). The plaintiff must demonstrate that (1) she is a member of a racial group, (2) she was qualified for the position, (3) she faced an adverse employment action, and (4) other employees, not in the protected class, were treated more favorably. Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 638 (3d Cir. 1993). The District Court correctly concluded that Taylor failed to respond to Potter's motion for summary judgment with evidence that could establish that employees outside the protected class were treated more favorably. Depositions supported Potter's assertion that all employees were treated equally, and that minorities were not treated differently when management (specifically Patricia "Dawn" Podsiad) granted leave, assigned work, and engaged in interactions with employees.

4

The District Court also properly granted summary judgment in favor of Potter with respect to Taylor's retaliation claim. Taylor failed to provide evidence that could establish a causal link between any protected activity and the alleged adverse employment action. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (citing Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)).

To establish a hostile work environment claim based on racial discrimination, Taylor was required to show that (1) she suffered intentional discrimination because of race, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected her, (4) the discrimination would detrimentally affect a reasonable person of the same race in that position, and (5) the existence of respondeat superior liability. See Aman, 85 F.3d at 1081. As discussed above, Taylor failed to submit any evidence that could establish racial discrimination

Finally, to the extent that Taylor is appealing the District Court's denial of her motion for appointment of counsel, we discern no abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

For the foregoing reasons, we will affirm the judgment of the District Court.

5